T.C. Summary Opinion 2006-105

UNITED STATES TAX COURT

DARREN M. PARKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2611-05S.                    Filed July 13, 2006.

Darren M. Parker, pro se.

<u>Vivian N. Rodriguez</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $4,962. The issues for decision are whether petitioner: (1) Is entitled to dependency exemption deductions, (2) is entitled to an earned income credit, and (3) is entitled to a child tax credit and an additional child tax credit.

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Miami, Florida.

Petitioner has one son, DP. Petitioner also has one "daughter", EW, who is not biologically related to him, but he has treated EW like his own daughter since her birth.

During 2003, petitioner was employed as an insulator by Fence Masters. Petitioner filed a Form 1040A, U.S. Individual Income Tax Return, for 2003, reporting wages of $13,871, unemployment compensation of $1,791, and adjusted gross income of $15,662.

Respondent issued to petitioner a statutory notice of deficiency determining petitioner was not entitled to dependency exemption deductions, an earned income credit, a child tax credit or an additional child tax credit, because he failed to substantiate his claims.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[1]  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

### Dependency Exemption

Respondent disallowed the dependency exemption deductions that petitioner claimed for DP and EW on his 2003 return.

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent.  A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, and more than half the dependent's support for the taxable year was received from the taxpayer.  Secs. 151(c)(1)(B), 152(a)(1).  The age limit is increased to 24 if the child was a student as defined by section 151(c)(4).  Sec. 151(c)(1)(B).

Section 151(c)(1) also allows a taxpayer to claim an exemption deduction for an individual whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, and more than half of whose

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(A), 152(a)(9).

Petitioner has not offered any substantiation to show that he provided more than half of DP's and EW's support during 2003. Therefore, petitioner is not entitled to claim DP or EW as dependents on his 2003 Federal income tax return.

Accordingly, respondent's determination is sustained.

Earned Income Credit

Respondent determined that petitioner is not entitled to an earned income credit for DP and EW, because he failed to substantiate that DP and EW are "qualifying children".

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

Petitioner testified that, in 2003, DP and EW spent weekends and summer vacation with him. This amounts to less than one-half of the taxable year. Therefore, DP and EW fail to meet the residence requirement under section 32(c)(3)(A)(ii) and are not qualifying children for purposes of claiming the earned income credit.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii) even if he does not have any qualifying children. For 2003, a taxpayer is eligible under this section only if his adjusted gross income was less than $11,230. Rev. Proc. 2002-70, sec. 3.06, 2002-2 C.B. 845, 847. Petitioner's adjusted gross income was $15,662.

Accordingly, petitioner is not eligible for an earned income credit. Respondent's determination on this issue is sustained.

Child Tax Credit and Additional Child Tax Credit

For 2003, petitioner claimed a child tax credit of $176 and an additional child tax credit of $337 with DP and EW as the qualifying children. Respondent determined that petitioner is not entitled to either credit.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to whom the taxpayer is allowed a

deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

Since petitioner is not allowed a deduction with respect to DP and EW as dependents under section 151, they are not qualifying children. In the absence of a qualifying child in 2003, petitioner is not entitled to claim a child tax credit.

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the "additional child tax credit", for families with three or more children. For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit. See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year. See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1).

Petitioner is not entitled to claim an additional child tax credit because he did not qualify for a child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.